# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 09-cv-00780-REB-KLM

MARJORIE MISHKIN, Individually and On Behalf of All Others Similarly Situated,

    Plaintiff,

v.

ZYNEX, INC., f/k/a ZYNEX MEDICAL HOLDINGS, INC.,
THOMAS SANDGAARD and
FRITZ G. ALLISON,

    Defendants.

---

Civil Action No. 09-cv-00816-MSK-MJW

ROBERT HANRATTY, Individually and On Behalf of All Others Similarly Situated,
Plaintiff,

v.

ZYNEX, INC., f/k/a ZYNEX MEDICAL HOLDINGS, INC.,
THOMAS SANDGAARD and
FRITZ G. ALLISON,

    Defendants.

---

Civil Action No. 09-cv-00829-REB-KMT

DENISE MANANDIK, Individually and On Behalf of All Others Similarly Situated,

    Plaintiff,

v.

ZYNEX, INC., f/k/a ZYNEX MEDICAL HOLDINGS, INC.,
THOMAS SANDGAARD and
FRITZ G. ALLISON,

    Defendants.

# ORDER RE: MOTIONS TO APPOINT LEAD PLAINTIFF AND COUNSEL

**Blackburn, J.**

The matters before me are (1) **Javad Kargar's Motion To Consolidate Related Actions; Appoint Lead Plaintiff; and Approve Lead Plaintiff's Selection of Counsel** [#19][1] filed June 8, 2009; (2) **Motion of John Trommald, Heather Trommald and Howard Makler for Consolidation of Related Actions, Appointment as lead Plaintiff and Approval of Lead plaintiff's Selection of Co-Lead Counsel** [#22] filed June 8, 2009; and (3) **Nancy Meacham's Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff and Approval of Her Selection of Lead Counsel** [#23] filed June 8, 2009. These motions have prompted the relevant parties to file responses [#29, #30, and #31] and replies [#37 and #38]. I grant the motions to consolidate and the motion of John Trommald, Heather Trommald, and Howard Makler for appointment as lead plaintiff and for approval of their selection of co-lead counsel. I deny the motions for appointment as lead plaintiff and for approval of their selection of co-lead counsel filed by Javad Kargar and Nancy Meacham.

## I. JURISDICTION

I have jurisdiction over this consolidated putative class action pursuant to 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 78aa (violations of the Securities Exchange Act of 1934).

## II. CONSOLIDATION

The motions to consolidate concern three cases filed in this court which are

---

[1] "[#19]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

putative class actions asserting securities fraud claims against Zynex, Inc. and others. The putative class actions addressed in these motions are

(1) ***Mishkin v. Zynex, Inc, at al.***, 09-cv-00780-REB-KLM, filed April 6, 2009;

(2) ***Hanratty v. Zynex, Inc, at al.***, 09-cv-00816-MSK-MJW, filed April 9, 2009; and

(3) ***Manandik v. Zynex, Inc, at al.***, 09-cv-00829-REB-KMT, filed April 10, 2009.

Under FED.R.CIV.P. 42(a), the court may consolidate cases involving common questions of law or fact. Common questions of law and fact are predominant among the three cases listed above. Therefore, I grant the motions to consolidate.

### III. LEAD PLAINTIFF

#### A. Standard of Review

The standards for appointment of a lead plaintiff in a class action securities litigation are governed by the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). *See* 15 U.S.C. §§ 78a - 78oo. In an action such as this one, in which multiple separate lawsuits have been consolidated, and as soon as practicable after a decision on consolidation has been rendered, *see* 15 U.S.C. § 78u-4(a)(3)(B)(ii), the court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." ***Id.*** (noting that "most adequate plaintiff" standard applies equally to consolidated actions). The statute creates a rebuttable presumption that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

>    (cc) otherwise satisfies the requirements of Rule 23 of the
>    Federal Rules of Civil Procedure.

*Id.*, § 78u-4(a)(3)(B)(iii)(I).

The PSLRA gives no guidance as to how a presumptive lead plaintiff's financial interest for purposes of making the determination required by subsection (a)(3)(B)(iii)(I)(bb) should be calculated. **See In re Bausch & Lomb Incorporated Securities Litigation**, 244 F.R.D. 169, 172 (W.D.N.Y. 2007), **as modified on other grounds on denial of reh'g**, 2007 WL 3197318 (W.D.N.Y. Oct. 26, 2007). However, the method of loss calculation is not a significant issue in the present motions.

The PSLRA contemplates specifically that a "group of persons" may serve as lead plaintiff. **See** 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This provision allows a small group of related investors to consolidate their individual losses in seeking designation as lead plaintiff. **See In re Ribozyme**, 192 F.R.D. at 659-60. **But see Freudenberg v. E*Trade Financial Corp.**, 2008 WL 2876373 at *4 (S.D.N.Y. July 16, 2008) (noting that court should reject a movant group if it is "simply an artifice cobbled together by cooperating counsel for the obvious purpose of creating a large enough grouping of investors to qualify as 'lead plaintiff,' which can then select the equally artificial grouping of counsel as 'lead counsel'") (citation and internal quotation marks omitted).

As for the requirement that the lead plaintiff otherwise satisfy the requirements of Rule 23, only two of the four requirements of Rule 23(a) – typicality and adequacy – impact the analysis of the lead plaintiff issue. **See In re Ribozyme**, 192 F.R.D. at 658.[2] "Typicality exists where the "injury and the conduct are sufficiently similar." **Id.**

---

[2] Consideration of the remaining elements of Rule 23(a) is to be deferred until the motion for class certification is filed. **See in re Ribozyme**, 192 F.R.D. at 658.

4

Although different plaintiffs may invoke different factual circumstances, typicality is present "so long as the claims of the class representative and class members are based upon the same legal or remedial theory." *Id.* (citation and internal quotation marks omitted). The requirement of adequacy is satisfied on proof of "(1) the absence of potential conflict between the named plaintiffs and the class members and (2) that counsel chosen by the representative parties is qualified, experienced and able to vigorously conduct the proposed litigation." *Id*. at 659.

If these prerequisites are met, then the presumption created by the statute may be rebutted only by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. 78u-4(a)(3)(B)(iii)(aa) & (bb).

B. Analysis

In these securities litigation actions, the plaintiffs have sued Zynex, inc., f/k/a Zynex Medical Holdings, Inc., and two individuals who were officials of Zynex at the relevant times. The plaintiffs allege that the defendants violated Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), Rule 10(b)(5) of the Securities and Exchange Commission, 17 C.F.R. § 240.10b-5, and Section 20A of the 1934 Act, 15 U.S.C. § 78t(a), because allegedly the defendants failed to disclose to the market certain material and adverse facts about Zynex. The plaintiffs seek to represent a class of plaintiffs who purchased shares of Zynex between May, 2008, and April, 2009, and who allegedly were damaged by the alleged failure to disclose certain material and adverse facts about Zynex. Within the time required by law, notices in compliance with 15 U.S.C. § 78u-4(a)(3)(A)(i) were published on both Marketwire and Yahoo Finance.

5

[#22], Exhibit A; [#24], Exhibit A.  In addition, the parties seeking appointment as lead plaintiff have submitted the certifications required by 15 U.S.C. § 78u-4(a)(2)(A)(i) - (v).

In his response [#29], Javad Kargar effectively withdraws his motion [#19], and, thus, I deny his motion. The two remaining movants are Nancy Meacham and a group of three individuals: John Trommald, Heather Trommald, and Howard Makler.  I will refer to this group as the Trommald Group.   Meacham does not dispute the Trommald Group's assertion that it has the largest amount of claimed losses among those who seek appointment as lead plaintiff.  Addressing the relevant requirements of Rule 23, Mecham does not argue that the Trommald Group does not satisfy the typicality requirement of Rule 23.  However, Mecham contends that the Trommald Group does not satisfy the adequacy requirement of Rule 23.  Meacham asserts that using a group as lead plaintiff in a relatively small securities class action is not efficient, that the group is not sufficiently cohesive, and that the Trommald's group's proposal to decide issues faced by the lead plaintiff on a majority basis leaves Howard Makler as the odd man out in the group.  Finally, Meacham argues that John Trommald signed improperly Heather Trommald's PSLRA certification.  With their reply [#38], the Trommalds submitted declarations that demonstrate that John Trommald signed Heather Trommald's PSLRA certification with the authorization of Heather Trommald.

Having examined the record in this case, I conclude that the Trommald Group satisfies the adequacy requirement of Rule 23.  The record holds no indication that there is likely to be a potential conflict between the Trommald Group and the class members and, as discussed below, counsel chosen by the Trommald Group is qualified, experienced, and able vigorously to conduct the proposed litigation.

6

## IV. LEAD COUNSEL

Under 15 U.S.C. § 78u-4(a)(3)(B)(v), "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." The Trommald Group has demonstrated that its putative choice for lead and liaison counsel is "qualified, experienced and able to vigorously conduct the proposed litigation." ***In re Ribozyme***, 192 F.R.D. at 659. *See Trommald Group's motion for appointment as lead plaintiff* [#22], Exhibits D & E. Accordingly, I approve The Shuman Law Firm and Glancy Binkow & Goldberg LLP as co-lead counsel.

## V. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Javad Kargar's Motion To Consolidate Related Actions; Appoint Lead Plaintiff; and Approve Lead Plaintiff's Selection of Counsel** [#19] filed June 8, 2009, is **GRANTED** to the extent Kargar seeks consolidation of the above-captioned related actions;

2. That **Javad Kargar's Motion To Consolidate Related Actions; Appoint Lead Plaintiff; and Approve Lead Plaintiff's Selection of Counsel** [#19] filed June 8, 2009, is **DENIED** otherwise;

3. That the **Motion of John Trommald, Heather Trommald and Howard Makler for Consolidation of Related Actions, Appointment as lead Plaintiff and Approval of Lead plaintiff's Selection of Co-Lead Counsel** [#22] filed June 8, 2009, is **GRANTED**;

4. That **Nancy Meacham's Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff and Approval of Her Selection of Lead Counsel**

7

[#23] filed June 8, 2009, is **GRANTED** to the extent Kargar seeks consolidation of the above-captioned related actions;

5. That **Nancy Meacham's Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff and Approval of Her Selection of Lead Counsel** [#23] filed June 8, 2009, is **DENIED** otherwise;

6. That under FED.R.CIV.P. 42(a)(2) and D.C.COLO.LCivR 42.1, Civil Action No. 09-cv-00816-MSK-MJW and Civil Action No. 09-cv-00829-REB-KMT are **CONSOLIDATED** with Civil Action No. 09-cv-00780-REB-KLM for all purposes;

7. That under D.C.COLO.LCivR 42.1, Civil Action No. 09-cv-00816-MSK-MJW and Civil Action No. 09-cv-00829-REB-KMT **ARE REASSIGNED** to United States Magistrate Judge Kristin L. Mix;

8. That these consolidated actions **SHALL** be captioned as follows:

Civil Action No. 09-cv-00780-REB-KLM
(Consolidated with Civil Action Nos. 09-cv-00816-REB-KLM and 09-cv-00829-REB-KLM)

MARJORIE MISHKIN, Individually and On Behalf of All Others Similarly Situated,

    Plaintiff,

v.

ZYNEX, INC., f/k/a ZYNEX MEDICAL HOLDINGS, INC.,
THOMAS SANDGAARD and
FRITZ G. ALLISON,

    Defendants.

9. That John Trommald, Heather Trommald, and Howard Makler are **APPOINTED** as co-lead plaintiffs for the putative plaintiff class in these consolidated actions; and

10. That The Shuman Law Firm and Glancy Binkow & Goldberg LLP are

**APPROVED** as co-lead counsel.

Dated March 3, 2010, at Denver, Colorado.

**BY THE COURT:**

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge